Yousef Anton DANIEL; Shadia Daniel; Rita Daniel; Fadi Daniel; Katya Daniel, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–71427.

I & NS Nos. A70–095–905 A70–095–906 A70–095–907 A70–095–908 A70–095–909.

United States Court of Appeals, Ninth Circuit.

---

Submitted Dec. 4, 2001.*

Decided Feb. 25, 2002.

Before NOONAN, Senior Circuit Judge, WARDLAW, Circuit Judge, and

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

SCHWARZER,** Senior District Judge.

MEMORANDUM***

Yousef and Shadia Daniel and their children petition for review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal from a final order of deportation. We have jurisdiction under § 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), and § 106(a) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1105a(a), and deny the petition.

Petitioners are Christian Palestinians who fled from Lebanon to Jordan and then to Kuwait, where they lived until they fled to the United States in 1990. They contend that they have suffered persecution in every country in which they have lived. They allege that they suffered persecution in Kuwait by the Iraqis because they refused to cooperate with them, and they became afraid when they heard another Palestinian had been tortured when he refused to help. They also feared persecution based on Kuwait's unwillingness to issue visas to returning Palestinians.

The BIA correctly evaluated petitioners' persecution claims with respect to the country in which they last habitually resided, Kuwait, and rejected contentions with respect to Lebanon and Jordan as irrelevant. See 8 U.S.C. § 1101(a)(42)(A). The BIA found that the actions of Iraqi soldiers did not rise to the level of persecution and that, in any event, fear of Iraqi soldiers is no longer well founded, Iraq having been driven out of Kuwait. It concluded that petitioners failed to demonstrate that they were victims of past persecution or had a well-founded fear of being persecuted as individuals on account of race, religion, nationality membership in a particular social group or political opinion in Kuwait.

■ On petition for review, we determine whether substantial evidence supports the BIA's determinations. 8 U.S.C. § 1105a(a)(4); Lim v. INS, 224 F.3d 929, 933 (9th Cir.2000). We must reverse the BIA's decision if no reasonable factfinder could have found the Daniels ineligible for asylum. Id. at 933. To reverse the BIA finding, the record as a whole must clearly preclude the decision. See Ghebllawi v. INS, 28 F.3d 83, 85 (9th Cir.1994).

■ To be eligible for asylum, petitioners had the burden of establishing that they were unable or unwilling to return because of persecution or a well-founded fear of persecution on account of race, religion, nationality, social group membership, or political opinion in the country in which they last habitually resided. INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A); Fisher v. INS, 79 F.3d 955, 960 (9th Cir. 1996) (en banc). They must prove that they suffered past persecution so severe that they deserve asylum on humanitarian grounds, In Matter of Chen, Int. Dec. 3104 (1989), or that they have a subjectively genuine and objectively reasonable fear of future persecution. INS v. Cardoza–Fonseca, 480 U.S. 421, 430–31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987).

■ Substantial evidence supports the BIA's conclusion. Petitioners did not suffer harm severe and particularized enough to constitute persecution, and they do not

---

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have a well-founded fear of persecution. Any fear of Iraqi soldiers in Kuwait is no longer well founded. Their testimony that they would have no problem in Kuwait if permitted to return there undermines any claim of fear of future persecution.

■ The Immigration Judge designated Jordan as the country for deportation when petitioners declined to designate their choice. Petitioners have not challenged this designation in their petition, and their citing of the 1968 massacre of Palestinians in Jordan does not support a well-founded fear of persecution within the meaning of INA § 101(a)(42).

The petition is DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.